{¶ 1} At issue in this matter is whether any or all of the appellees are entitled to uninsured motorist coverage under the comprehensive business policy issued by appellant Buckeye Union to Fisher Foods. The comprehensive business policy is comprised of commercial auto coverage, commercial general liability coverage, and catastrophic liability coverage.
 {¶ 2} The first issue for consideration is whether appellees are entitled to uninsured motorist coverage under the commercial auto coverage issued by appellant Buckeye Union Insurance Company to Fisher Foods. I dissent from the majority's disposition with respect to the commercial auto coverage and would find that appellees are insureds under appellant Buckeye Union's Commercial auto coverage for the following reasons.
 {¶ 3} The commercial auto coverage part lists Fisher Foods, a corporation, as the named insured. The commercial auto coverage part contains an Ohio Uninsured Motorist Coverage endorsement, which contains express UM/UIM coverage. Pursuant to the Ohio Uninsured Motorist Coverage endorsement, appellant Buckeye Union agrees, [w]e will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motorist vehicle" because of "bodily injury" caused by an "accident." "The Who is An Insured" section of the endorsement reads as follows:
 {¶ 4} 1. You.
 {¶ 5} 2. If you are an individual, any "family member."
 {¶ 6} 3. Anyone else occupying "a covered auto" or temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 7} 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
As noted by appellant Buckeye Union, "[t]his is identical to the language in the Ohio uninsured motorist coverage form that was present inScott-Pontzer."[2]
{¶ 8} The majority, in its opinion, finds that appellee, both individually and as administrator, is not entitled to coverage under the commercial auto coverage because of Section C of the "Drive Other Car [DOC] Coverage — Broadened Coverage for Named Individuals."
{¶ 9} However, I would still find that the policy is ambiguous. By virtue of the word "you", contained in the UM/UIM endorsement, Fisher Foods, and therefore its employees, remain as insureds under the same even after the addition of the DOC endorsement language. As we noted inMoore v. Hartford Ins. Co., Delaware App. No. 02CAE-10-048,2003-Ohio-2037:
{¶ 10} To the extent that all employees are covered in one section of the UM/UIM endorsement, but in another section of the UM/UIM coverage the employees are only covered in limited circumstances, the policy is ambiguous. Ambiguity must be construed against the drafter of the contract and in favor of coverage.
{¶ 11} In addition, it is axiomatic that by adding broadened coverage to the definition of "Who is an Insured" for UIM purposes, the drive other car coverage-broadened coverage for named individuals endorsement cannot serve to reduce or restrict "Who is an Insured under the UIM endorsement in the policy itself." Id. at 4.
{¶ 12} I would find, therefore, that the rationale announced by the Ohio Supreme in Scott-Pontzer is applicable and that appellee Billy Griffith, as an employee of Fisher Foods, is an insured under the uninsured motorist endorsement of the commercial auto coverage. Since the definition of "insured" in the uninsured motorist endorsement contains the "if you are an individual, any family member" language found in the Scott-Pontzer policy, I would further find that appellees, the Estates of Robert L. Griffith and Ruth E. Griffith, are insureds under appellant Buckeye Union_s commercial auto coverage's uninsured motorist endorsement issued to Fisher Foods. See Scott-Pontzer, supra.[3]
{¶ 13} The next issue for consideration is whether appellees are entitled to uninsured motorist coverage under the Buckeye Union catastrophic liability coverage part. The catastrophic liability coverage policy part provides excess liability coverage over and above the underlying Buckeye Union auto coverage and commercial general liability coverage. Since, in the case sub judice, appellant Buckeye Union did not have a valid and enforceable offer and rejection of coverage, UM/UIM coverage under the catastrophic liability coverage part arises by operation of law. See Burkhart, supra. and Gyori v. JohnstonCoca-Cola Bottling Group, 76 Ohio St.3d 565, 567, 1996-Ohio-358,669 N.E.2d 824.
{¶ 14} The catastrophic liability coverage part includes within the definition of "Who is an Insured" the named insured on the declarations page. As is stated above, Fisher Foods, a corporation, is the named insured. Thus, pursuant to Scott-Pontzer, supra. appellee Billy Griffith is an insured under uninsured/underinsured motorist coverage which arose by operation of law. In addition, the catastrophic liability part states, in part, as follows: "Any other person or organization is an insured, who is included as an additional insured in `underlying insurance', . . ." Since the Estates of Ruth and Robert Griffith are insureds under the underlying commercial auto coverage, I would find that they are entitled to UM/UIM coverage under the catastrophic liability part.
{¶ 15} Thus, I would hold that appellee Billy Griffith and the Estates of Ruth Griffith and Robert Griffith are entitled to UIM coverage under the commercial catastrophic coverage part, but only in excess of the commercial automobile coverage part limits of $1,000,000.00.
{¶ 16} The final policy for consideration is the commercial general liability (CGL) policy. I concur with the majority's decision that appellee Billy Griffith, both individually and as administrator, is not entitled to coverage under the CGL policy.
{¶ 17} The CGL policy contains both "valet parking" and "mobile equipment provisions." Thus, the issue for determination is whether, in view of the "valet parking" and "mobile equipment" provisions, the CGL part is a motor vehicle policy subject to R.C. 3937.18.
{¶ 18} I concur with the majority's conclusion that the "valet parking" provision does not make the CGL policy pursuant to Szekeres,
supra. In addition, I would find that the "mobile equipment" provision in such policy does not make the CGL a motor vehicle policy subject to R.C. 3937.18 for the reasons set forth in our recent decision in Heidtv. Federal Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785.
{¶ 19} To conclude, I dissent from the majority's conclusion that appellee, neither individually nor as Administrator, is entitled to coverage under the commercial auto coverage part. In turn, I concur with the majority's determination that the commercial general liability coverage part is not a motor vehicle policy and that appellee Billly Griffith, therefore, is not entitled to coverage under the same either individually or as administrator of the Estate. While I concur with the majority's conclusion that appellee Billy Griffith, in his individual capacity, is entitled to coverage under the commercial catastrophic liability coverage part in excess of the commercial automobile coverage part limits of $1,000,000.00, I respectfully dissent from the majority's conclusion that appellees, the Estates of Ruth and Robert Griffith, are not covered under the catastrophic coverage. I would find coverage for such appellees under the UM/UIM coverage which arose by operation of law under the catastrophic coverage.
Julie A. Edwards, J.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. Appellee, individually and as administrator, is not entitled to coverage under the commercial automobile coverage part and the commercial general liability coverage part. Appellee, individually, is entitled to coverage under the commercial catastrophic liability coverage part, in excess of the commercial automobile coverage limits of $1,000,000. Appellee, as administrator, is not entitled to coverage under the commercial catastrophic liability coverage part. Costs accessed equally to all parties.
[2] The complete case citation is Scott-Pontzer v. Liberty Mutual FireIns. Co., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[3] See also Walton v. Continental Casualty Co., Holmes App. No. 02CA002, 2002-Ohio-3831. In Walton, this court held that since an insurance policy did not contain the "if you are an individual, any family member" language found in the Scott-Pontzer policy, an employee's child was not an insured under the same.